Barrett Daffin Frappier Turner & Engel, LLP
610 West 5th Street, Suite 602
Austin, Texas 78701
(512) 477-0008

Attorneys for WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER TO WELLS FARGO HOME MORTGAGE, INC., ITS ASSIGNS AND/OR SUCCESSORS IN INTEREST

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 07-38246-H1-13 |
| DAVID ORLANDO COLLINS | § | |
| | § | CHAPTER 13 |
| DEBTOR | § | |

**DESIGNATION OF RECORD AND ISSUES ON APPEAL**

WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER TO WELLS FARGO HOME MORTGAGE, INC., ITS ASSIGNS AND/OR SUCCESSORS IN INTEREST ("Wells Fargo Bank"), Appellant, pursuant to Federal Rule of Bankruptcy Procedure 8006, files this designation of record and statement of issues to be presented.

**I.
DESIGNATION OF RECORD**

Wells Fargo Bank requests that the following matters be designated in the record for appeal and requests transmittal of same to the District Court:

1.  Current ECF Docket

2.  Chapter 13 Voluntary Petition (Docket No. 1)

3.  Chapter 13 Plan (Docket No. 2)

4.  Order Confirming Plan (Docket No. 22)

5.  Notice of Intent to Pay Claims (Docket No. 34)

6.  Application for Approval of Fees Under Fixed Fee Agreement (Docket No. 31)

7.  Response (Docket No. 32).

8. Notice of Hearing (Docket No. 36).

9. Certificate of Service (Docket No. 37).

10. Transcript of Proceedings of hearing on 4/1/09.

11. Movant's Exhibits A through G, admitted at 4/1/09 hearing.

12. Brief filed by Wells Fargo Bank (Docket No. 39).

13. Memorandum Opinion Regarding Lender Fees (Docket No. 40).

14. Order Denying Application (Docket No. 41).

15. Motion to Reconsider (Docket No. 44).

16. Order Denying Consolidated Motions For Rehearing and to Alter or Amend the Court's Order and Opinion Disposing of Movants' Applications For Approval of Fees Under Fixed Fee Agreement (Docket No. 50).

17. Claim No. 13-1 Filed 4/4/08 by Wells Fargo Bank, N.A.

## II.
## STATEMENT OF ISSUES ON APPEAL

Wells Fargo submits that the following are issues to be considered on Appeal:

1. Where neither party asserted that language in paragraph 9 of the deed of trust in issue was ambiguous, and the Court, after the close of evidence determined that operative language in that paragraph was ambiguous, did the Court err by determining the construction of the language as a matter of law and failing to order a trial to receive evidence regarding the parties' intent to resolve the perceived ambiguity?

2. Where the pre-petition deed of trust provides that the Lender may do and pay for whatever is reasonable or appropriate to protect the Lender's rights under the Security Instrument, did the Bankruptcy Court err in holding as a matter of law "that a Lender's interest in the collateral is limited to its lien securing the note" and that "a Lender need not participate in the bankruptcy process to preserve its lien rights" such that the Lender's participation in the bankruptcy process could not result in recoverable fees absent an adversary proceeding challenging the Lender's lien?

3. Where the pre-petition deed of trust between the debtor and the mortgage lender provides that if the borrower fails to perform the covenants and agreement contained in the security instrument or there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy), then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under the Security Instrument, including appearing in court and paying reasonable attorneys' fees to protect its interest in the property and/or rights under the Security Instrument, and the evidence conclusively established that the borrower failed to perform the covenants in the deed of trust and initiated a proceeding in bankruptcy, did the Bankruptcy Court err in holding as a matter of law that the deed of trust "only allows imposition of fees to protect the property" and requires as necessary conditions "both an enforcement of a provision in the deed of trust *and* a preservation of the property"?

4. Where the uncontroverted evidence at trial established that (a) the debtor was in default under the deed of trust for amounts owed for loan payments, inspection charges, insufficient funds fees, and uncollected late charges, (b) the deed of trust provides that the lender is entitled to do or pay whatever is reasonable or appropriate to protect its interest in the property and rights under the security instrument, including appearing in court and paying reasonable attorneys' fees, (c) the deed of trust provides that the lender may where a default exists recover reasonable attorney fees and other charges from the debtor for the purpose of protecting its interest in the property and rights under the security instrument, and (d) the lender's participation in the bankruptcy process was done to protect the lender's interest and rights under the security instrument, did the Court err in concluding that no evidence supported an award of attorneys' fees incurred to participate in the debtor's bankruptcy case?

5. Where (a) the bankruptcy local rules mandate a uniform form of Chapter 13 plan that provides for payments based on claims allowed (as opposed to plan amounts) and requires that post-petition home mortgage payments be made through the Chapter 13 trustee "pursuant to the claim of a creditor," (b) the deed of trust includes the debtors' covenants to pay when due principal, interest, late charges, escrow items and other charges, and (c) the evidence conclusively established that the debtor failed to perform the covenants and proposed a plan providing for the payment of ongoing mortgage payments under the "trustee-pay" procedures, did the Court err in determining as a matter of law that attorneys' fees the lender incurred in connection with the debtors' plan and the creditor's claim were not recoverable because those actions did not protect the lender's rights under the security instrument and interest in the property?

Respectfully submitted,

BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP


By: /s/ Brian S. Engel
    Brian S. Engel
    TBA# 00789279
    610 West 5th Street, Suite 602
    Austin, Texas 78701
    Phone:  (512) 477-0008
    Fax:     (512) 477-1112
    Email:  BrianE@bbwcdf.com

ATTORNEYS FOR WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER TO WELLS FARGO HOME MORTGAGE, INC., ITS ASSIGNS AND/OR SUCCESSORS IN INTEREST


CERTIFICATE OF SERVICE

By my signature below, I hereby certify that on the 3rd day of August, 2009, a true and correct copy of the foregoing document was served upon the parties below via electronic means as listed on the Court's ECF noticing system or by regular first class mail.

| | |
|---|---|
| David Orlando Collins<br>8603 Chestnut Forest<br>Houston, Texas 77088<br>DEBTOR | Eloise A. Guzman<br>Guzman Law Firm<br>8225 Gulf Freeway<br>Houston, Texas 77017<br>ATTORNEY FOR DEBTOR |
| David G. Peake<br>Chapter 13 Trustee<br>9660 Hillcroft, Suite 430<br>Houston, Texas 77096-3860 | United States Trustee<br>515 Rusk, Suite 3516<br>Houston, Texas 77002-2604 |

    /s/ Brian S. Engel
    Brian S. Engel