**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER TO WELLS FARGO HOME MORTGAGE, INC. §§§§§§§§§§§§§§§ *Appellant*, v. DAVID ORLANDO COLLINS, *Appellees*. | CIVIL ACTION H:09-2483 BANKRUPTCY CASE No.07-38246-H1-13 |

**ORDER**

Before the court is Wells Fargo Bank, N.A.'s ("Wells Fargo") appeal from the bankruptcy court's order denying Wells Fargo's Application for Approval of Fees Under Fixed Fee Agreement. Bankr. Dkt. 41. After considering the briefs of the parties, the record on appeal, and the applicable law, the bankruptcy court's order is AFFIRMED.

**I.   BACKGROUND**

Wells Fargo is a creditor of David Orlando Collins ("Debtor"), as Wells Fargo is entitled to receive mortgage installation payments under a promissory note dated March 1, 2001, in which Collins is the obligor. Dkt. 9 at 13. The debt is secured by a Purchase Money Deed of Trust ("Deed of Trust") which was executed between Wells Fargo and Collins the same day as the promissory note. *Id.* "The Deed of Trust covenants require the Debtor to timely pay amounts due under the Note and escrow items." *Id.* The Debtor defaulted on his obligations under the Deed of Trust, and later filed for voluntary bankruptcy under Chapter 13. Dkt. 9 at 15. Wells Fargo retained counsel

concerning the Debtor' bankruptcy case and to assist in filing its proof of claim. Dkt. 9 at 17. Wells Fargo submitted an Application for Approval of Fees Under Fixed Fee Arrangement for attorney's fees in the amount of $400.00. Bankr. Dkt. 31. The application would permit Wells Fargo to be reimbursed its attorney's fees out of the Debtor' assets. However, the bankruptcy court denied Wells Fargo's application for reasons set out in its memorandum opinion, entered June 8, 2009. Bankr. Dkt. 40. Wells Fargo now appeals this order. Bankr. Dkt. 52.

**II.    ANALYSIS**

**1.    Legal Standard**

A district court has jurisdiction over a bankruptcy appeal under 28 U.S.C. § 158(a)(1), and in reviewing the findings of a bankruptcy court, a district court acts in an appellate capacity. *See Perry v. Dearing*, 345 F.3d 303, 308–09 (5th Cir. 2003). The burden is on the appellant to show that a finding of fact made by a bankruptcy court is clearly in error. *See Perry*, 345 F.3d at 309; *Butler Aviation Int'l, Inc. v. Whyte*, 6 F.3d 1119, 1127–28 (5th Cir. 1993); *see also* FED. R. BANKR. P. 8013 ("Findings of fact . . . shall not be set aside unless clearly erroneous . . . ."). A finding of fact is clearly erroneous when, even in the presence of evidence to support it, the reviewing court is left with a "definite and firm conviction" that the bankruptcy court has made an error. *See Carol v. Quinlivan*, 434 F.3d 314, 318 (5th Cir. 2005). A bankruptcy court's conclusions of law are reviewed *de novo*. *See Perry*, 345 F.3d at 309; *Southmark Corp. v. Coopers & Lybrand*, 163 F.3d 925, 928 (5th Cir. 1999).

**2.    Application**

Wells Fargo brings three points of error for review. These include: an error in the bankruptcy court's interpretation of the Deed of Trust contract paragraph 9; an error in the bankruptcy court's

failing to address the rights of Wells Fargo under the Deed of Trust contract paragraph 14; and lastly, an error in the bankruptcy court's conclusion that Wells Fargo's employment of an attorney did not protect its interest in the property.

### a. Deed of Trust Paragraph 9

Wells Fargo contends that it is entitled to reimbursement of its attorney's fees, pursuant to paragraph 9 of the Deed of Trust signed between itself and the Debtor. The bankruptcy court, however, ruled as a matter of law that the Deed of Trust contract did not provide for Wells Fargo's reimbursement. When the terms of the contract are clear and unambiguous, the interpretation of those terms is a question of law. *Am. Mfrs. Mut. Ins. Co. v. Schaefer*, 124 S.W.3d 154, 157 (Tex. 2003). Because the bankruptcy court interpreted the Deed of Trust contract as a matter of law, its decision will be reviewed *de novo*.

Paragraph 9 of the Deed of Trust provides that "the Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property *and* rights under this Security Instrument." Dkt. 9 at 14. (emphasis added). Wells Fargo urges that the "and" in the above text should be construed as having a meaning similar to "and/or" so that the Lender can do and pay for whatever would protect either its interest in the property, its rights under the contract, or both its interest and its rights. Wells Fargo argues that only this interpretation gives meaning to the intent of the parties and reconciles the examples of actions mentioned thereafter: paying sums secured by a superior lien, appearing in court, and paying reasonable attorney's fees.

Wells Fargo cites many cases where the court has interpreted "and' to mean "or", or something less than its common meaning. However, the cases cited were primarily interpreting statutes, rules, or wills—not contracts. *See, e.g.,Bd. of Ins. Comm'rs of Tex. v. Guardian Life Ins.*

*Co.*, 180 S.W.2d 906, 908 (Tex. 1944) (interpreting a statute); *Alexander v. State*, 204 S.W. 644 (Tex. Crim. App. 1918) (interpreting a statute); *Neighborhood Comm. on Lead Pollution v. Bd. of Adjustment*, 728 S.W.2d 64, 68 (Tex. App.—Dallas 1987, writ denied) (interpreting a statute); *Oliver v. Oliver*, 149 S.W.2d 540, 542 (Ky. 1941) (interpreting a will).  Statutory interpretation is a much different undertaking than contract interpretation, especially when the contract conveys rights and privileges negotiated between the parties.  Wells Fargo, however, contends that the court should broadly interpret the meaning of "and" in a contract, written by Wells Fargo itself.

The basic rules of contract interpretation require the court "to ascertain the true intentions of the parties as expressed in the instrument." *Ace Cash Express, Inc. v. Silverman*, No. 03-03-00205-CV, 2004 WL 101684, at *3 (Tex. App.—Austin Jan. 23, 2004) (citing *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983)).  The primary goal in interpreting a contract is to give effect to the meaning of the contract as drafted, not as the parties intended it to be drafted.  *Id*. at *3 (citing *First State Bank v. Keilman*, 851 S.W.2d 914, 922 (Tex. App.—Austin 1993, writ denied)).  "Where the language of a [contract] is unambiguous, and its meaning is clear, the [contract] must be given effect according to its terms." *Bd. of Ins. Comm'rs*, 180 S.W.2d at 909.  Normally, the language of the contract will be given its "plain grammatical meaning," unless doing so would result in a departure from the obvious intentions of the parties, ambiguity in its meaning, or an absurdity.  *Ace Cash Express*, 2004 WL 101684, at *3–4 (citing *Lyons v. Montgomery*, 701 S.W.2d 641, 643 (Tex. 1985)).  "[I]n order to effectuate the intention of the parties . . ., the word 'and' is sometimes construed to mean 'or.'" *Bd. of Ins. Comm'rs*, 180 S.W.2d at 908.  "While there may be circumstances which call for such a construction, ordinarily the words 'and' and 'or' are not interchangeable." *Robinson v. Reliable Life Ins. Co.*, 569 S.W.2d 28, 30 (Tex. 1978).

4

First, the terms are unambiguous as they appear in the contract, and need no further interpretation. "Whether a contract is ambiguous is a question of law for the court to decide." *Ace Cash Express*, 2004 WL 101684, at *4 (citing *Gulf Ins. Co. v. Burns Motors, Inc.*, 22 S.W.3d 417, 424 (Tex. 2000)). "If the written instrument is so worded that it can be given a certain or definite legal meaning or interpretation, then it is not ambiguous and the court will construe the contract as a matter of law." *Id.* (citing *Coker*, 650 S.W.2d at 393). Here, the text of paragraph 9 is unambiguous, and the meaning is clear. The contract does not allow for the Lender to pay for those things that do not both protect the interest in the property and protect the rights under the security instrument. This meaning is certain and definite, and is derived from the plain meaning of the terms. Additionally, the contract frequently uses many different connectors such as "and", "or", "and/or" and "include, but are not limited to," showing that the parties knew how to use connecting language and understood the meanings of each at the time the contract was executed. As a matter of law, the contract is not ambiguous. Interpreting the 'and' to mean 'or' does not clear up the contract, but instead merely broadens Wells Fargo's ability to collect fees. After finding no ambiguity in the contract, the court should only interpret the 'and' to mean 'or' in order to avoid an absurdity. *Bd. of Ins. Comm'rs*, 180 S.W.2d at 908. In this case, the plain and ordinary reading of the terms in paragraph 9 of the contract does not create an absurdity, as the "and" read as a conjunctive merely requires both conditions to be true before Wells Fargo can collect attorney's fees from the Debtor. Because the manifest intentions of the parties are not contradicted, there is no ambiguity in the terms, and the plain meaning does not result in an absurdity, the terms are given their plain and ordinary meaning: "and" does not mean "or" in paragraph 9 of the Deed of Trust contract, but rather it is a conjunctive.

Additionally, standing adverse to Wells Fargo is the over-arching policy consideration found in the American Rule, "that parties must generally bear their own counsel expenses." *In re United Nesco Container Corp.*, 68 B.R. 970, 974 (Bankr. E.D. Pa. 1987). Because of this, "[c]ontractual terms providing creditors with attorney's fees must be strictly construed." *In re Samsa*, 86 B.R. 863, 867 (Bankr. W.D. Pa. 1988) (citing *In re Nesco.*, 68 Bankr. at 974). Therefore, contract provisions that provide for attorneys' fees will be strictly construed, and will not be interpreted broadly. The "and" in paragraph 9 is conjunctive, and therefore the contract requires Wells Fargo's actions to be for the purpose of both the protection of its interest in the property and the protection of its rights under the contract in order to be reimbursed its attorneys' fees.

**b. Deed of Trust Paragraph 14**

Additionally, Wells Fargo argues that the bankruptcy court committed error in failing to grant attorneys' fees based on paragraph 14 of the contract. Paragraph 14 of the Deed of Trust contract provides that the "Lender may charge Borrower fees . . . , for the purpose of protecting Lender's interest in the property *and* rights under the Security Instrument." Dkt. 9 at 15 (emphasis added). This provision is worded precisely the same as the identical provision in paragraph 9, limiting the purpose for which the Lender may charge the Borrower to only those acts that protect Wells Fargo's interest in the property *and* protect Wells Fargo's rights. If Wells Fargo meant something different than the conjunctive use of the word "and", it could have drafted its own Deed of Trust contract differently. Therefore, for the same reasons stated above, the "and" in paragraph 14 is conjunctive, and therefore the contract requires Wells Fargo's actions to be for the purpose of both the protection of its interest in the property and the protection of its rights under the contract in order for the Lender to charge the Borrower fees.

6

### c. The Protection of Wells Fargo's Interest in the Property

Wells Fargo asserts that even if the "and" is read conjunctively, it still deserves to be paid its attorneys fees because filing the proof of claim accomplished both purposes, including protecting its interest in the property. The bankruptcy court held as a matter of law that the employment of an attorney to file a proof of claim was not "incurred to protect any interest in the collateral. On the contrary, . . . that the purpose of the $250.00 fee was to file a proof of claim for collection of the note and to set up the bankruptcy case for review of routine matters." Bankr. Dkt. 40 at 8. The bankruptcy court concluded that while the proof of claim protected the contractual rights of Wells Fargo under the Deed of Trust, it in no way protected Wells Fargo's interest in the property, which could not be affected under a Chapter 13 proceeding without an adversarial proceeding. Dkt. 3-15 at 8. The court agrees. Section 1322(b)(2) allows for Chapter 13 Debtors to modify the rights of all secured creditors except for home lenders. The anti-modification provision, synthesized with § 1322(b)(5), preserves a home lender's contract rights—including any right to collect fees and costs—during the pendency of a bankruptcy case while simultaneously permitting the debtor to cure pre-petition arrearages under the plan. Therefore, Wells Fargo was not protecting its interest in the property by filing a proof of claim.

## CONCLUSION

Because Wells Fargo is now attempting to recover attorney's fees for legal work in which the purpose was not to protect Wells Fargo's interest in the property, the dual purposes required under paragraphs 9 and 14 in the Deed of Trust contract have not been fulfilled. Therefore, Wells Fargo is not due these fees under the contract.

Accordingly, the bankruptcy court's reasoning is adopted in full and AFFIRMED.

It is so ORDERED.

Signed at Houston, Texas on August 19, 2010.

_____
Gray H. Miller
United States District Judge